UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN CARRILLO MARTINEZ a/k/a<br>MARTIN MARTINEZ CARRILLO,<br><br>    Defendant. | Case No.: 1:14-cv-01578-KJM-BAM<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT<br><br>(Doc. 18)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT<br><br>(Doc. 14). |

## I.   INTRODUCTION

Pending before the Court is Defendant Martin Carrillo Martinez's ("Defendant") Motion to Set Aside the Clerk's Entry of Default. (Doc. 18). Plaintiff J & J Sports Productions, Inc., ("Plaintiff") filed an opposition to the Motion on July 9, 2015. (Doc. 20). The motions were referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Having reviewed the parties' filings, and for the reasons stated below, Defendants' request to set aside the clerk's entry of default should be GRANTED and Plaintiff's Motion for Default Judgment should be DENIED as MOOT. (Docs. 14, 18).

1

## II. BACKGROUND

Plaintiff J&J Sports Production, Inc., filed a complaint on October 8, 2014, alleging that Defendant unlawfully intercepted and exhibited the closed-circuit program "*Timothy Bradley v. Juan Manuel Marquez WBO Welterweight Championship Fight Program*" at his commercial establishment, La Nayarita Restaurant, located at 702 L Street, in Sanger, California. (Doc. 1). Defendant was personally served with the Summons and Complaint on February 3, 2015. (Doc. 9). Defendant did not answer the complaint, and the Clerk of the Court entered default against Defendant on February 25, 2015. (Doc. 13).

On March 25, 2015, Plaintiff filed a motion for default judgment requesting that the Court enter a default judgment against Plaintiff for damages in the amount of $26,600.00. (Doc. 14-5). On June 10, 2015, Mr. Gene E. Pico mailed a letter to the Court on behalf of Defendant stating that Defendant was unable to respond to the Complaint because his primary language is Spanish and he is unfamiliar with the legal system. (Doc. 17). Mr. Pico explained that Defendant no longer owns or operates La Nayarita, and therefore Defendant had no knowledge of the interception and broadcast of the fight. *Id.* According to Defendant, he signed legal documents transferring La Nayarita to Apolonia Neri on June 30, 2011.

The Court construed this document as an answer to the Complaint and a motion by Defendant, appearing *pro se*, to set aside the Clerk's entry of default. (Doc. 18). Plaintiff filed an opposition to Defendant's motion on July 9, 2015, arguing that Defendant did not satisfy the "good cause" standard necessary to set aside the default. (Doc. 20). Specifically, Plaintiff adds, Defendant's failure to respond equates to culpability, Plaintiff would be prejudiced if the motion were granted, and Defendant's meritorious argument fails. *Id.* Plaintiff's motions are currently pending before the Court.

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered by the clerk, "[t]he court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."

*United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The standard for good cause "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*

On the other hand, when the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986). Moreover, the Ninth Circuit has opined "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## IV.     DISCUSSION

The Court will consider each of the good cause factors in turn below.

### A.     Culpable Conduct

With respect to the first good cause factor, the Court concludes that Defendant has shown that he did not engage in culpable conduct. The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan*, 244 F.3d at 697. The concept of "intentionally" in this context refers to conduct that is willful, deliberate, or that evidences bad faith. *Id.* "Neglectful failure to answer as to which the defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional'... and is therefore not necessarily—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." *Id.* at 697-98.

Defendant's motion argues that his conduct was not culpable. Accompanied by an attached notarized agreement to transfer the business, Defendant explains that he transferred ownership of La Nayrita to Ms. Neri on June 30, 2011. According to Defendant, he had a good faith belief that Ms. Neri assumed ownership of the business, with all legal liabilities included. Based on that belief, Defendant was under the impression that Ms. Neri was handling this matter since she is the

3

responsible party. Defendant further submits that Ms. Neri is the party that Plaintiff should have sued, and he provides the business transfer document as support for his motion to set aside default.

In opposition, Plaintiff argues that "Defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and intentionally failed to answer." *TCI Group*, 244 F.3d at 697. According to Plaintiff, Defendant fails to explain why he believed Ms. Neri was handling this matter. Plaintiff also argues that Defendant was served with the Complaint, Request for Entry of Default, and Motion for Default Judgment yet waited three months to file a response. While Plaintiff does not disagree that Defendant is genuinely unfamiliar with the legal system, Plaintiff further relies on *TCI Group*, 244 F.3d at 699, to argue that a lack of familiarity with the legal system is insufficient to rise to the level of excusable neglect.

Plaintiff's argument, however, is unpersuasive. *TCI Group* explicitly avoided that holding. *Id.* at 699, n.6 ("We have not held, however, nor do we hold here, that legal sophistication or lack thereof is determinative of whether the culpability standard is met."). On the contrary, courts "tend[] to consider the defaulting party's general familiarity with legal processes . . . as pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful or in bad faith." *Id.*

Defendant has put forth a credible, good faith explanation for his failure to answer. Further, nothing in Defendant's answer indicates he acted in bad faith or attempted to take advantage of Plaintiff. Nor did Defendant attempt to interfere with or manipulate the judicial process. Defendant even apologized and displayed his willingness to cooperate fully going forward. Consequently, the Court finds that Defendant's conduct does not meet the culpability standard.

**B.     Meritorious Defense**

The Ninth Circuit has explained that the "meritorious defense" requirement "is not extraordinarily heavy.'" *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.* The truthfulness of the factual allegation "is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Mesle*, 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700).

4

Defendant alleges that he is not the owner of La Nayarita, and Plaintiff has sued the wrong individual. Defendant contends that when he transferred La Nayarita to Ms. Neri in 2011, he was relieved of any legal obligations. Defendant also removed his name from the fictitious business name but did so only after being served with the Complaint.

Plaintiff responds that Defendant does not satisfy the meritorious defense factor because Defendant provided only conclusory statements and general denials. Further, Plaintiff argues, the liquor license identified Defendant as the owner and licensee of La Nayarita at the time of the fight, which cuts against Defendant's contention that he never had any business interest in La Nayarita. However, if Ms. Neri is the proper party that should be held liable for the actions that Plaintiff is alleging, that would indeed constitute a defense to Plaintiff's claims. Thus, Defendant has presented a legally cognizable defense, and the Court determines Defendant has satisfied his burden to show that he could mount a meritorious defense under the lenient standard set forth in *Mesle*.

### C. Prejudice to Plaintiff

Finally, the Court must consider whether Plaintiff will suffer prejudice if the entry of default is set aside. *TCI Group*, 244 F.3d at 696. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *Id.* at 701 (quoting *Falk*, 739 F.2d at 463). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *Id*.

Plaintiff argues that prejudice exists because setting aside default will result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collection." Additionally, "there will certainly be increased difficulties with discovery as it will require Plaintiff to look beyond the most obvious source to obtain information relevant to the operations of the business." Plaintiff's argument is unpersuasive. Each of these alleged prejudices are the costs and burdens attendant to any litigation and do not provide a basis to deny Defendant's motion. Had there been no default, Plaintiff would have had to address these very concerns. An entry of default acts as a "windfall," and setting aside that default "merely restores the parties to an even footing in the

litigation." *TCI Group*, 244 F.3d at 701.  Accordingly, there is no prejudice to allowing the suit to proceed.

The Court finds that the above factors weigh in favor of setting aside the Clerk's entry of default.  There is a general presumption to try cases on their merits, and the instant case does not warrant a departure from this presumption.  *See In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). Accordingly, Defendant's Motions to Set Aside Entry of Default should be **GRANTED**.

## V.   PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

In a separate motion, J & J moves for the entry of default judgment against Defendant.  (Doc. 14).  The "entry of default by the clerk is a prerequisite to an entry of default judgment." *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004). Based on the Court's recommendation to set aside the entry of default as to Defendant, the Court RECOMMENDS Plaintiff's motion for default judgment be DENIED.  (Doc. 14).

## VI.   CONCLUSION

The Court finds that Defendant has demonstrated good cause and therefore RECOMMENDS as follows:

1. Defendant's Motion to Set Aside Entry of Default should be GRANTED;
2. The Clerk shall set aside default as to Defendant Martin Carrillo Martinez, individually and dba La Nayarita Restaurant;
3. Plaintiff's Motion for Default Judgment should be DENIED as MOOT;
4. The Clerk of Court shall serve this order on Defendant Martin Carrillo Martinez at 14446 Lyle Street, Sylmar, California, 91342.

These Findings and Recommendations are submitted to the District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that

1 failure to file objections within the specified time may waive the right to appeal the Order of the
2 District Court. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4 IT IS SO ORDERED.

5     Dated: __August 3, 2015__                       /s/ Barbara A. McAuliffe
6                                                             UNITED STATES MAGISTRATE JUDGE